Freedline LEMAIRE, Plaintiff–Appellant,

v.

FIRST PRESTON FORECLOSURE SPECIALISTS,

and

United States Department of Housing and Urban Development, Defendants–Appellees.

No. 03–6135.

United States Court of Appeals, Second Circuit.

Feb. 25, 2004.

Freedline Lemaire, Bayshore, NY, for Plaintiff–Appellant, pro se.

Dan M. Blumenthal, Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY, for Defendants–Appellees.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**

**AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Freedline Lemaire ("Lemaire") appeals the March 28, 2003 judgment entered by the United States District Court for the Eastern District of New York (Seybert, *J.*) adopting the recommendation of a magistrate judge (Lindsay, *Mag.*) to convert a Rule 12(b)(6) motion to dismiss by Defendants–Appellees First Preston Foreclosure Specialists ("First Preston") and the United States Department of Housing and Urban Development ("HUD") into a motion for summary judgment in their favor—which the court granted. She appeals (i) the grant of summary judgment in favor of First Preston and HUD, and (ii) the denial of her motion for a preliminary injunction to block the sale of her rental house.

Lemaire is a tenant on a foreclosed property owned by HUD whose lease included a right of first refusal on any sale of the property by HUD. The court found that Lemaire failed to fulfill the conditions of the proposed sales contract by failing to either execute the agreement or secure mortgage financing in a timely manner. Lemaire nevertheless sought to enjoin the sale of the property by HUD's agent, First Preston, to a third party, on the grounds of breach of contract, tortious interference with contract, and a violation of her due process rights. Familiarity with the remaining facts of this appeal is presumed.

A district court may convert a motion to dismiss into a summary judgment motion provided that the court gives "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir.1995). In such a conversion, "[n]otice is particularly important when a party is proceeding *pro se* and may be unaware of the consequences of [her] failure to offer evidence bearing on triable issues." *Bea-con Enters., Inc. v. Menzies,* 715 F.2d 757, 767 (2d Cir.1983). Review of the record does not suggest that Lemaire lacked such notice.

We therefore review Lemaire's appeal from the district court's grant of summary judgment *de novo, see Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998), construing the evidence in the light most favorable to her and drawing all reasonable inferences in her favor, *see Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). We affirm the dismissal of her claims and denial of her motion for a preliminary injunction for substantially the same reasons stated in the report of the magistrate judge and the decision of the district court.

We have reviewed the other arguments raised by Lemaire, including her argument that equity in her house excuses her failure to comply with the terms of First Preston's sale offer. Each of these arguments is unavailing.

For the foregoing reasons, Lemaire's appeal from the judgment of the district court is hereby AFFIRMED.